O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WELLS FARGO BANK, N.A., SUCCESSOR BY MERGER TO WELLS FARGO BANK MINNESOTA, M.A., f/k/a NORWEST BANK MINNESOTA, N.A., SOLELY AS TRUSTEE FOR STRUCTURED ASSET MORTGAGE INVESTMENTS II INC. BEAR STEARNS MORTGAGE FUNDING TRUST 2007-AR2, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-AR2,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>RAQUEL G. DE IZARRARAS, MANUEL IZRARRAS; JOSE IZARRARAZ,<br><br>　　　　　Defendants. | Case No. CV 13-01783 DDP (SHx)<br><br>**ORDER TO SHOW CAUSE** |

　　Defendants are ordered to show cause why this action should not be remanded to state court for lack of subject matter jurisdiction. Plaintiff filed an unlawful detainer complaint on December 20, 2012. On March 13, 2013, Defendant removed to this

court, apparently on the basis of both federal question and diversity jurisdiction. (Notice of Removal at 4,6.)

Under 28 U.S.C. § 1441(b), a defendant may remove to federal court "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States . . . ." "Under the longstanding well-pleaded complaint rule, however, a suit 'arises under' federal law only when the plaintiff's statement of his own cause of action shows that it is based upon federal law." Vaden v. Discover Bank, 556 U.S. 49, 60 (2009) (internal quotation marks and citation omitted). "Federal law cannot be predicated on an actual or anticipated defense . . . . Nor can federal question jurisdiction rest upon an actual or anticipated counterclaim." Id. (citations omitted)  Here, nothing on the face of Plaintiff's complaint suggests a federal question.

Alternatively, a federal court may exercise diversity jurisdiction when there is complete diversity between the parties and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332. It appears from Plaintiff's complaint, however, that an amount well under $75,000, and indeed well under $10,000, is at issue. (Complaint at 1, 3.)

The court notes that Defendants have the burden of establishing removal jurisdiction.  Accordingly, the court orders Defendants to file a brief, not to exceed ten pages, by Wednesday, April 17, 2013 showing cause why this action should not be remanded for lack of jurisdiction.  Defendants should also deliver a courtesy copy to chambers, Room 244-J, Second Floor, 312 N. Spring

Street, Los Angeles. The court will regard any failure to file an explanatory brief as consent to remand this matter to state court.

IT IS SO ORDERED.

Dated: April 5, 2013

                                        DEAN D. PREGERSON
                                        United States District Judge